**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARWIN JOSE IBARRA GONZALEZ (A-No. 220-658-291),<br><br>                Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>                Respondents. | Case No. 1:26-cv-02654-JLT-FJS<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS AND ORDERING PETITIONER'S IMMEDIATE RELEASE[1]<br><br>(Docs. 1, 2.) |

## I.   INTRODUCTION

Before the Court is Darwin Jose Ibarra Gonzalez's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 6.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 6 at 1.) Because the Court orders Petitioner's immediate release and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

(citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is an asylum seeker from Venezuela who entered the United States on or about October 3, 2021, where federal immigration officials encountered him near Del Rio, Texas. (Doc. 1 at 4.) He was later released on his own recognizance. (*Id*.) Petitioner has a pending application for asylum and is currently in removal proceedings. (*Id*. at 5.) He also has an approved Employment Authorization Document valid through May 7, 2025. (*Id*.) On March 7, 2026, Petitioner stopped by local police in Polk County, Florida due to a traffic offense. (*Id*.) Petitioner claims he was stopped for driving one mile over the speed limit and subsequently arrested and taken to the Polk County Jail. (*Id*.) The current disposition of the case is unknown, but the government does not contend that it justifies Petitioner's detention. Petitioner was then taken custody by ICE and is currently being detained at the California City Detention Facility in California City, California. (*Id*. at 5.)

The government filed an opposition to the petition and issuance of preliminary injunctive relief, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 6.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec.

4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1.      The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2.      Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

3.      The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

4.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **April 20, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.